## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ERNESTO BENAVIDEZ,

       Plaintiff,

vs.                                       No. CIV 13-1229 JB/WPL

RAMON C. RUSTIN, TOM ZDUNEK, and
THOMAS E. SWISSTACK,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from Plaintiff Ernesto Benavidez to the Courts, filed April 9, 2014 (Doc. 27)("1st Motion to Reopen"); (ii) the Motion for Summary Judgement [sic], filed April 24, 2014 (Doc. 28); (iii) the Motion to Exclude the Following Defendants, filed April 24, 2014 (Doc. 29); (iv) the Motion for Default Judgment, filed June 2, 2014 (Doc. 31); (v) the Motion to Amend to Complaint, filed June 19, 2014 (Doc. 33); (vi) the Motion Summary Judgement [sic], filed July 16, 2014 (Doc. 36); (vii) the Motion to Amend to Complaint, filed July 16, 2014 (Doc. 37); (viii) the Order Request for Service to Be Served, filed July 30, 2014 (Doc. 38); and (ix) the Summary Judgement [sic], filed February 2, 2015 (Doc. 49)("2d Motion to Reopen"). The Court will deny the 1st Motion to Reopen and the 2d Motion to Reopen and deny the other motions as moot.

The Court dismissed Plaintiff Ernesto Benavidez' Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 26, 2013 (Doc. 1)("Complaint"), in an Order of Dismissal, filed March 31, 2014 (Doc. 25), for failure to comply with statutory filing-fee requirements and the Court's orders. The Court entered Final Judgment, filed March 31, 2014 (Doc. 26), the same day. In his 1st Motion to Reopen, Bernavidez alleges that the Defendants were hindering his

ability to provide financial information and his access to legal materials. In his 2d Motion to Reopen, he makes the same allegations and asks the Court to allow him to proceed on his original Complaint.

As frustrating as it may have been for Benavidez to obtain financial information from corrections officers, his allegations of hindrance do not support his requests to reopen the case. At the time of the Order of Dismissal, the Court had not required additional financial information from Benavidez, but only that he make an initial partial payment under 28 U.S.C. § 1915(b)(1). Furthermore, the Court had received four financial documents from Benavidez, see List of Fifteen Items That Benavidez Purchased from the Bernalillo County Prison, filed January 13, 2014 (Doc. 6); Financial Certificate, filed January 28, 2014 (Doc. 11); Financial Certificate, filed February 26, 2014 (Doc. 20); List of Thirty Items That Benavidez Purchased from the Bernalillo County Prison, filed March 12, 2014 (Doc. 24), which, without further explanation, is at tension with his assertion of inability to obtain such information. At no time did Benavidez assert that he lacked actual ability to pay. His assertions of hindrance are thus irrelevant to the reasons that the Court dismissed his Complaint.

Courts evaluate motions to reopen under the standards for relief in rule 60(b) of the Federal Rules of Civil Procedure. See Accountability Burns v. CIA, 16 F.3d 415, at *1 (10th Cir. Feb. 8, 1994)(unpublished)[1](construing a motion to reopen as a rule 60(b) motion). Grounds

---

[1]Accountability Burns v. CIA is an unpublished opinion, but the Court can rely on unpublished opinions to the extent that their reasoned analyses are persuasive in the case before the Court. Cf. 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value

for relief under rule 60(b) include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, satisfaction of judgment, and any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(1)-(6). Because the Court dismissed Benavidez' Complaint for his failure to comply with statutory requirements and the Court's orders -- and not because of a failure to provide financial information -- the allegations in his motions do not warrant granting the relief he seeks. The Court will deny Benavidez' 1st Motion to Reopen and his 2d Motion to Reopen.

Furthermore, because the Court denies Benavidez' requests to reopen this action, his other motions are moot. See, e.g., Blythe v. Sw. Airlines Co., 383 F. App'x 766, 769 (10th Cir. 2010)(unpublished)("Inasmuch as the court had already entered its final judgment in this case, we affirm . . . denial of Ms. Blythe's motion [to amend] as moot."). See also Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985)(per curiam)("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."). The Court will thus deny Benavidez' other pending motions as moot.

**IT IS ORDERED** that: (i) the requests in the Letter from Plaintiff Ernesto Benavidez to the Courts, filed April 9, 2014 (Doc. 27), and the Summary Judgement [sic], filed February 2, 2015 (Doc. 49), are denied; and (ii) the Motion for Summary Judgement [sic], filed April 24, 2014 (Doc. 28), the Motion to Exclude the Following Defendants, filed April 24, 2014 (Doc. 29),

---

with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Accountability Burns v. CIA and Blythe v. Southwest Airlines Co., 383 F. App'x 766 (10th Cir. 2010)(unpublished), both have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

the Motion for Default Judgment, filed June 2, 2014 (Doc. 31), the Motion to Amend to Complaint, filed June 19, 2014 (Doc. 33), the Motion Summary Judgement [sic], filed July 16, 2014 (Doc. 36), the Motion to Amend to Complaint, filed July 16, 2014 (Doc. 37), and the Order Request for Service to Be Served, filed July 30, 2014 (Doc. 38), are denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Party*:

Ernesto Benavidez
Metropolitan Detention Center
Albuquerque, New Mexico

    *Plaintiff pro se*